# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
       Plaintiff,           )
                                )
   v.                           )      No. 4:16CR158 HEA
                                )
LORENZO CLARK,                  )
                                )
       Defendant.           )

## OPINION, MEMORANDUM AND ORDER

This case is before the Court on Defendant's *pro se* Motion for Reconsideration of his Motion for Compassionate Release, [Doc. No. 50]. Counsel appointed for Defendant previously filed a Notice of Intent not to File Supplemental Pleadings, [Doc. No. 48]. For the reasons set forth below, the Motion is denied.

## Background

On April 14, 2016, the Grand Jury returned a one-count indictment, charging Defendant with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Defendant subsequently pleaded guilty to the offense. Defendant's conviction was based on the following:

> On [December 16, 2015], St. Louis Metropolitan Police [Officers] . . . executed a search warrant of a residence located at 3006 Ohio (the residence) . . . .

Upon execution of the search warrant, Defendant was found lying on a mattress underneath a cover in the front room of the residence. Upon the cover being pulled back by the officers, Defendant was observed with his hand on the grip of one Kel-Tec Company make, 9mm caliber semi-automatic pistol. Defendant ignored the officer's commands and had to be pulled away from the firearm. The firearm was seized and determined to be loaded with one round in the chamber and twelve additional rounds of ammunition in an extended magazine. A further search of the front room revealed a plastic bag of suspected cocaine base. A search of the kitchen revealed the following: a ceramic plate containing numerous chunks of suspected heroin; a digital scale; a box containing .45 caliber ammunition; a box containing 9mm caliber ammunition; and mail addressed to Defendant.

The suspected narcotics were submitted to and analyzed by an expert criminalist with the St. Louis Metropolitan Police Department (SLMPD) Crime Laboratory. The substances were confirmed to be heroin, a Schedule I controlled substance, having a total gross weight of approximately .83 grams; and cocaine base (crack), a Schedule II controlled substance, having a total gross weight of approximately .18 grams. Defendant admits to possessing the controlled substances.

The firearm was examined by a trained Firearms Examiner with the SLMPD who determined that the firearm was manufactured outside the State of Missouri and, therefore, had been transported across state lines and in interstate commerce prior to or during Defendant's possession of it. The firearm was test fired and functioned as designed. The firearm is a "firearm" as defined under federal law. Defendant admits possessing the firearm.

Prior to December 16, 2015, Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year under the laws of the State of Missouri.

On November 2, 3016, this Court sentenced Defendant to a total term of 70 months imprisonment followed by a two-year term of supervised release.

Defendant is presently serving his sentence at Greenville Federal Correctional

Institution in Illinois, with a projected release date of November 17, 2021. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (perform search by BOP Register Number "45804-044") (last visited February 5, 2021).

### Defendant's Motion

On April 22, 2020, Defendant filed his *pro se* motion for compassionate release based on "[his] health and the current COVID-19 pandemic that place[s him] at risk during this pandemic." Defendant also noted that he completed the RDAP program twice and has not been in any trouble while serving his sentence.

On June 23, 2020, Defendant's counsel filed a Notice of Intent not to File Supplemental Pleadings in this case. Counsel noted that she had written and emailed the warden of Greenville RCI requesting a Reduction in Sentence on Defendant's behalf on May 14, 2020.

On June 24, 2020, the Court denied Defendant's motion on the basis that he had not exhausted his remedies with the BOP.

In the instant motion, Defendant submits a copy of the letter to the warden filed by his counsel on May 14, 2020 and states that the warden never responded to the request. Defendant asks the Court to reconsider his motion for compassionate release in light of the evidence that he did exhaust his administrative remedies.

### Discussion

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. Still, the First Step Act requires that an inmate petition the BOP for release before he can petition the court directly. 18 U.S.C. § 3582(c)(1)(A)(i). As the proponent of the motion, the defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

In his motion to reconsider, Defendant provided evidence that he sought relief from the BOP with no response. Therefore, the Court now assesses Defendant's motion for compassionate release on the merits.

In evaluating a defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be

4

consistent with applicable policy statements issued by the United States Sentencing

Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline §

1B1.13, which governs compassionate-release reductions, provides some specific

examples, including:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

5

(C) Family Circumstances.—

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Defendant's support for his request for compassionate release is fully stated in his motion as "based upon my health and the current COVID-19 pandemic that place[s] me at risk during this pandemic." He also states that he has twice completed the RDAP program as ordered by the Court and has not been in trouble while incarcerated.

Counsel for Defendant's letter to the warden offers some more elaboration on Defendant's situation. Therein, counsel wrote that Defendant suffers from chronic back pain and migraines from a car accident and pain in his body from nine gunshot wounds he received in 2007. Counsel also wrote that Defendant completed a drug education program, a financial responsibility program and is enrolled in GED classes within the BOP. Finally, counsel stated that Defendant has

a home plan with his mother in St. Louis and could social distance better there than he can in FCI Greenville.

The Court does not find that Defendant has met his burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. Experiencing pain and migraines during the COVID-19 pandemic does not necessarily constitute an extraordinary and compelling circumstance warranting compassionate release. There is no evidence before the Court that Defendant is not receiving proper medical treatment for his conditions or that Defendant is not able to care for himself. The Bureau of Prisons has taken numerous steps and precautions to minimize the risk of inmates contracting the virus. These facts further reinforce the notion that the risk for Defendant contracting the virus is not imminent.

Defendant has produced nothing regarding the risk to others if he is released. This must factor into the Court's analysis. "In determining whether to grant a motion to modify a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Gileno*, 448 F. Supp. 3d. 183, 185 (D. Conn. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A) (directing courts to consider these factors for every request for early release).

For the foregoing reasons, this Court finds that Defendant has not met his

burden of proving that "extraordinary and compelling reasons" exist to support the requested compassionate release.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of his Motion for Compassionate Release, [Doc. No. 50] is denied.

Dated this 5th[th] day of February, 2021.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE